## Case No. 16,471.

### UNITED STATES v. THOMA.

[2 N. J. Law J. 181; 25 Int. Rev. Rec. 171; 26 Pittsb. Leg. J. 180.]

District Court, D. New Jersey. May 19, 1879.

POST OFFICE—EMBEZZLING LETTER.

[The defendant took from the post office a registered letter addressed in his care to a person who was dead. He afterwards brought it back to the post office, and persuaded the assistant postmaster to open it and return it to him. He took out a draft which the letter contained, and claims to hold it against a debt the deceased owed him. The widow of the deceased afterwards took out letters of administration in another state, and claimed the draft. Held, that the defendant was not guilty of taking and embezzling a letter, under section 3792, Rev. St.]

[Cited in U. S. v. McCready, 11 Fed. 231; U. S. v. Safford, 66 Fed. 945.]

A. Q. Keasbey, U. S. Dist. Atty.
W. D. Holt, for defendant.

Before NIXON, District Judge. The defendant was indicted under section 3892 of the Revised Statutes, for taking and embezzling a letter which had been in a post office before the same had been delivered to the person to whom it was addressed.

A special verdict was found embracing the following facts: Jacob Schoch, now deceased, was a resident of Long Branch, New Jersey, at the time of his death, by suicide, October 1, 1877, and had been for several years before. The defendant was and had been a resident of East Long Branch, and was well acquainted with Schoch at the time of his death. The latter had formerly boarded

with him. About December 7, 1877, a letter was sent from Switzerland, containing a bill of exchange in favor of Schoch, drawn upon Drexel, Morgan and Co. of New York, for $155.66. It arrived in New York about December 23d, and was registered and forwarded by mail to Long Branch, addressed to Jacob Schoch, care of Charles Thoma, Long Branch, N. J. It was received at that post office and delivered to Charles Thoma by the postmaster—the defendant giving the ordinary receipt for it as a registered letter on the 26th of December, 1877. About a week afterwards the defendant returned to the post office with the letter and said that the late postmaster, Mr. Slocum, had advised him that the postmaster had a right to open the letter in the presence of witnesses; explained the circumstances of his receiving it to the assistant postmaster, stating that Schoch had told him he was expecting a letter from Switzerland containing money, and that he (Thoma) would have the first claim on it. He further stated to the assistant postmaster that he was about to administer on Schoch's estate, so that he might be able to collect his own claim, and others could also get their claims. The assistant postmaster then opened the letter and handed the envelope and contents to Thoma, who still retains the possession of the draft and insists on his right to hold it until he receives the payment of a bill of $41, which he holds against Schoch's estate. He has not taken out any letters of administration. Schoch left a widow, who lived apart from him in the city of New York, at the time of his death. She has taken out letters of administration there, and has repeatedly demanded the letter and draft of the defendant, who refuses to surrender the same without some security for the payment of his claim. The act of the defendant, as thus explained, brings him. I am inclined to believe, within the letter of the law, but not within its spirit. Penal statutes should be construed strictly; and the retention of a letter by a person who came lawfully into its possession, is not the misdemeanor that the congress had in view. The design of the section is to guard the inviolability and safety of communications through the mail from their start to their destination. Any tampering with a letter during that period either by an official of the department or by other persons with a design to obstruct the correspondence or to pry into the business or secrets of another, or any secretive embezzlement or destruction of the same, is carefully guarded against. But the delivery of the letter to the defendant terminated the action and authority of the post office department, over the subject matter. It was directed to the defendant's care. He was designated as the person to receive it from the postoffice. So far as the department was concerned, its responsibility ended with the delivery to him. Whether he retained it or passed it over to the legal representative of the deceased owner, or whether he had a right to retain it, as against their demands for it, are questions for the local laws to settle, just as they determine all other questions relating to the custody or ownership of property. It was suggested by the district attorney on the argument that the late distinguished judge of the Eastern district of Pennsylvania (Cadwalader) gave a different view of the section, holding in a recent case that a defendant was liable to its penalties, who opened a letter addressed to his care, to a female servant of his family—the letter having been delivered to him by the officials of the post office. The case is not reported and there may have been circumstances connected with it, that justified such a construction and which do not appear here. However that may be, the construction of the court here is fully sustained by the circuit court of the United States for the Southern district of New York (Nelson and Betts, JJ.), in U. S. v. Parsons [Case No. 16,000]; by the circuit court of the United States for the Northern district of Ohio (Willson, J.), in U. S. v. Sander [Id. 16,219]; and by Judge Lowell, in the Massachusetts district, in U. S. v. Driscoll [Id. 14,994].

Upon the special findings of the jury, a verdict of not guilty must be entered.