UNITED STATES v. LEE.

(Circuit Court, N. D. Georgia.    November 10, 1898.)

OFFENSES AGAINST POSTAL LAWS—INTERFERENCE WITH PACKAGE BEFORE DE-
LIVERY—WHAT CONSTITUTES DELIVERY OF LETTER.

A letter directed to a person, "care Kimball House," when delivered by
a postal carrier at the office of the Kimball House, is "delivered to the
person to whom it was addressed," within the meaning of Rev. St. §
3892; and the duty of the postal authorities with respect to such letter
having been fully performed, in accordance with the direction of the
sender, a subsequent wrongful taking of such letter by another is not an
offense under said section, nor one cognizable by the courts of the United
States.

This is a prosecution under Rev. St. § 3892, for violation of the
postal laws.    Heard on demurrer to the indictment.

E. A. Angier, U. S. Atty.

F. A. Arnold, for defendant.

NEWMAN, District Judge.    The indictment in this case, together
with the admission of the United States attorney in open court, and
the demurrer to the indictment, raise this question:    Where a letter
is directed to "L. B. Price, care Kimball House, Atlanta, Ga.," and the
letter is delivered at the office of the Kimball House, is in the office
of the hotel awaiting delivery to Price, and the letter is unlaw-
fully, wrongfully, and fraudulently taken therefrom and secreted,
is the person taking the same subject to indictment and punishment,
under section 3892 of the Revised Statutes of the United States?    If
the letter in this case had been "delivered to the person to whom it
was directed," the taking of the same, no matter how wrongful or
unlawful the act, would clearly not be an offense within this statute.
The only information or direction received by the postal authorities
as to how and where a letter shall be delivered is from the sender.
Where the sender directs the letter to the care of another person, it is,
in effect, a direction that the letter shall be delivered to A. for B.; and,
when the delivery is made by the post-office employés to A., it is deliv-
ered as the postal department is instructed to deliver it, and therefore,
when handed to and received by A., it is a delivery to the person to
whom it is addressed.    The duty of the postal authorities is dis-
charged when they comply with the instructions of the sender, and
deliver the letter to the designated person or at the designated place.
Where the duty of the post-office department ends, it would seem that
its protection generally would end also.

It is said that some importance should be attached to the use of
the word "person" as to the delivery of the letter, and that the Kim-
ball House is not a person.    The delivery of the letter to the Kimball
House was its delivery to Price.    Such were the directions of the
sender,—that it should be delivered to the Kimball House for Price;
and this was done.    To my mind, if an offense has been committed in
connection with this letter, it is a violation of the state law, and is not
within federal cognizance, certainly not under the statute on which the
indictment is based.    The case of U. S. v. McCready, 11 Fed. 225,
decided by Judge Hammond in the Western district of Tennessee, and

the case of U. S. v. Safford, 66 Fed. 942, decided by Judge Priest for the Eastern district of Missouri, are interesting cases in this connection. While in neither case are the facts exactly like the facts here, in both cases there is a discussion of most of the pertinent authorities which it is believed support the conclusion reached in this case. With the admission of the district attorney that the letter in this case had been delivered at the office of the Kimball House, and was there when stolen, I must hold that no case is made which would authorize a prosecution under section 3892, Rev. St.