---

### UNITED STATES v. BULLINGTON.

(Circuit Court, N. D. Alabama, N. D.   October 20, 1908.)

**1. POST OFFICE (§ 23*)—MAIL—CUSTODY.**

Any letter which gets into the mail, from the time it is received by the postal authorities until its possession is surrendered voluntarily and rightfully to the party entitled to receive it, is within the protection and custody of the United States; but the authority of the government over it ceases immediately on such delivery.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 42; Dec. Dig. § 23.*]

**2. POST OFFICE (§ 23*)—LETTERS—SURRENDER TO WRITER.**

A letter must be surrendered by the postal authorities to the writer or his rightful agent, if called for at any time before it is placed in transit, and such a delivery terminates the authority of the government over it.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 42; Dec. Dig. § 23.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. Post Office (§ 23*)—Mail—Delivery—Addressee's Agent.
   Delivery of a letter by the postal authorities to the agent of the addressee terminates the government's authority over it.
   [Ed. Note.—For other cases, see Post Office, Cent. Dig. § 42; Dec. Dig. § 23.*]

4. Post Office (§ 43*)—Mail—Statutes—Application.
   Rev. St. § 3892 (U. S. Comp. St. 1901, p. 2657), makes it an offense for any person to take any letter out of the post office of the United States, or which has been in any post office, before delivery to the addressee, with a design to obstruct the correspondence, or to pry into the business or secrets of another, or to secrete or embezzle the same. A postmaster, having written, stamped, and deposited a letter in the mail before it was transported, withdrew it and delivered it to defendant, who agreed to take it, with other mail, to the addressee; but defendant, instead, secreted or destroyed the letter. *Held,* that the postmaster's withdrawal of the letter terminated the government's authority over it, and that its subsequent destruction constituted no offense.
   [Ed. Note.—For other cases, see Post Office, Cent. Dig. § 59; Dec. Dig. § 43.*]

On Motion by Defendant for Peremptory Instructions for Verdict in His Favor.

O. D. Street, U. S. Atty.
Shelby S. Pleasants, for defendant.

HUNDLEY, District Judge. In this case the defendant is indicted for an alleged violation of section 3892 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 2657). This statute makes it criminal for any person to take any letter out of a post office of the United States—or which has been in any post office of the United States before it has been delivered to the person to whom it was directed—with a design to obstruct the correspondence or to pry into the business or secrets of another, or to secrete or embezzle the same. The language of this statute is very broad, and is sufficient to cover the secretion or embezzlement of a letter before it has reached the addressee, although it may have been rightfully delivered by the postal authorities.

The facts of this case are undisputed so far as the delivery of the letter is concerned. Mr. Elkins, according to the evidence, was postmaster at Mud Creek, Ala. The letter upon which the offense is predicated in the indictment was written by Elkins to one Hunter, who lived and received his mail at the Mud Creek post office, and said letter was addressed to Hunter at Mud Creek, Ala. The defendant, Bullington, called upon Elkins and told him that there was a letter for Hunter—which was a different one from the one upon which the offense is based—written by Bullington's firm at Huntsville, Ala., which was in the post office, and which contained some contracts which Hunter was to execute to and with the defendant. The defendant requested Elkins, the postmaster, to permit him to take said letter from his firm containing the contracts and carry it up to Hunter, to whose house he was going, in order to save the defendant time in transacting his business. The postmaster agreed to do this, and further stated to the defendant that there was other mail

in the office for Hunter, and asked the defendant to take this mail along and deliver it. The defendant agreed to do this, and before he left with the mail the postmaster, Elkins, then himself wrote a letter to Hunter, which he stamped with a postal stamp, and also placed a postage stamp upon it, which he canceled. He then took this letter, along with the letter which the defendant had requested, and also other letters for Hunter, and delivered them to the said defendant, who had promised to carry them and deliver them to Hunter. This letter from the postmaster, Elkins, to Hunter, the defendant failed to deliver, but secreted or destroyed the same. This act of the defendant is the basis of the prosecution in this case.

On these facts the question submitted is: Was there an offense committed under the laws of the United States? While the language of the statute is sufficiently broad to make the act, as shown by the undisputed evidence, an offense, yet this statute has always been given a reasonable construction, and has been construed in the light of the constitutional power which Congress has to enact laws upon this subject. The Constitution of the United States gives Congress the power to establish and maintain post offices, and to this provision we must look for the authority of Congress to enact this statute. Congress, of course, has ample power to protect the mails of the United States, and any letter which gets into them, from the time it is received by the postal authorities until its possession is surrendered voluntarily and rightfully to the party entitled to receive it; but then the authority and power over the letter of the United States ceases and determines. A letter must be surrendered by the postal authorities to the writer of it, if it is called for at any time before it is placed in transit. Any delivery to the writer before its conveyance by the mail ends the authority of the government over it; and the delivery of it to the rightful agent of the writer would be the same as a delivery to the writer himself. The same rule applies, and the principle is the same, when it is delivered to the addressee or his agent.

These principles were established by the earliest reported decisions construing this statute. U. S. v. Parsons, 2 Blatchf. 104, 106, Fed. Cas. No. 16,000; U. S. v. Driscoll, 1 Lowell, 303, Fed. Cas. No. 14,994; U. S. v. Thoma, 25 Int. Rev. Rec. 171, Fed. Cas. No. 16,471; U. S. v. Sander, 6 McLean, 598, Fed. Cas. No. 16,219. These cases appear to have been followed, with one exception, by practically all the federal courts which have passed upon the subject. The most thorough discussion of the question and the leading case apparently on the subject is one by the District Court for the Eastern District of Missouri, which is hereunder first cited. U. S. v. Safford (D. C.) 66 Fed. 942; U. S. v. Lee (C. C.) 90 Fed. 256; U. S. v. Huilsman (D. C.) 94 Fed. 486. The statute appears never to have been construed by the Supreme Court of the United States; and the only case reported in the Fifth circuit is the case of U. S. v. Lee, supra, decided by District Judge Newman of the Northern District of Georgia. The only case which conflicts with these authorities is the one of U. S. v. McCready (C. C.) 11 Fed. 228, which was decided in the Western district of Tennessee, and is not so late as the three last above cited authorities.

The postmaster, Elkins, being himself the writer of the letter, had a right to withdraw it from the mails, or request its withdrawal therefrom. Having withdrawn the letter, and having then given it to the defendant, Bullington, the latter became the agent of the postmaster, Elkins, individually and not officially, and the authority of the government over the letter ceased with its delivery to Bullington. I am of the opinion, therefore, from the authorities cited supra, as applied to the facts in this case, that no offense has been committed by the defendant against the federal statutes, and that the motion to direct the verdict should be granted.

I now direct you, gentlemen of the jury, to return your verdict for the defendant.