**Clone S. CLAY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 6921.**

United States Court of Appeals
Tenth Circuit.

April 26, 1962.

Clone S. Clay on his brief pro se.

Jack R. Parr, Oklahoma City, Okl. (B. Andrew Potter, Oklahoma City, Okl., was with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying appellant's petition for writ of coram nobis. The trial court treated the petition as a motion to vacate and set aside sentence pursuant to 28 U.S.C.A. § 2255.

The facts are that in June 1959, appellant, represented by court-appointed counsel, pleaded not guilty to an indictment containing three counts, alleging the illegal sale of narcotics. Later, after retaining private counsel, appellant waived indictment and entered a plea of not guilty to an information alleging a single illegal sale of narcotics. The three counts of the indictment and the single count of the information were consolidated for trial without objection. Shortly before the date set for trial, appellant changed his pleas from not guilty to guilty on each of the four counts in the consolidated cases. After pre-sentence investigation, appellant received four consecutive tenyear terms pursuant to his pleas of guilty.

After one unsuccessful motion to vacate and set aside his sentence, appellant filed a second motion, alleging in essence that he did not understand the charges against him; that he was suffering from mental shock on the day he changed his pleas

from not guilty to guilty; that the charges in the indictment were not properly drawn; and that the consecutive sentences are illegal. The trial court found that the files and records conclusively showed that appellant was entitled to no relief and denied the motion.

■ At each arraignment, appellant received a copy of the charges and waived their formal reading. When appellant changed his pleas to guilty, the trial court specifically inquired whether appellant was doing so " * * * voluntarily without any promise or any reward or anything of that kind * * *." And, during an extended colloquy between appellant and the trial judge at the time of sentencing, appellant confirmed the commission of the crimes charged and explained that he had made the illegal sales in order to obtain money to pay some bills. These portions of the record clearly demonstrate appellant's full understanding of the charges against him and the voluntariness of his pleas.

■ There was no suggestion, before or during the criminal proceedings, that appellant was incompetent to commit the offenses charged or plead thereto. Moreover, the question of appellant's competency is not open to collateral attack in this collateral proceeding. See Hereden v. United States (10 C.A.), 286 F.2d 526, 527; Nunley v. United States (10 C.A.), 283 F.2d 651, and cases there cited.

It is not clear just what complaint is made of the charges contained in the two consolidated cases. It is sufficient to note, however, that each of the four counts are couched in the language of the applicable statute and clearly charge four separate illegal sales of narcotics in contravention of 26 U.S.C.A. § 4705(a).

■ The formal judgment and commitment orders entered in the two consolidated cases conform entirely with the trial court's oral pronouncement of sentence. In case Number 18,230, the order states " * * * that the defendant is hereby committed to the custody of the Attorney General * * * for a period of ten (10) years from date of delivery on count number 1 of the indictment, ten (10) years on count number 2 of the indictment, said sentence to run consecutively to the sentence imposed on count number 1, and ten (10) years on count number 3 of the indictment, said sentence to run consecutively to the sentence imposed on count 2, or, until defendant is otherwise discharged as provided by law." In case number 18,276, the order states " * * * that the defendant is hereby committed to the custody of the Attorney General * * * for a period of ten (10) years on the single count of the information, said sentence to run consecutively to the sentence imposed this date on count number 3 in case number 18,230 * * *." These orders by the trial court unmistakably require the consecutive service of four ten-year sentences in the order of their imposition—a total of forty years.

The sentences imposed are authorized by law and the trial court correctly denied the relief sought.

Affirmed.