Richard Lee DAVIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18176.

United States Court of Appeals Eighth Circuit.

April 12, 1966.

Richard Lee Davis, pro se.

Theodore L. Richling, U. S. Atty., Omaha, Neb., and Frederic J. Coufal, Asst. U. S. Atty., Omaha, Neb., for appellee.

1. Appellant filed ten amendments and addendums to his original motion, the last being filed October 2, 1964; he was transferred to the United States Medical Center, Springfield, Missouri, where abdominal surgery was performed in February 1964, and he was returned to the federal penitentiary in Terre Haute, In-

Before VOGEL, Chief Judge, BLACKMUN, Circuit Judge, and STEPHENSON, District Judge.

STEPHENSON, District Judge.

On April 27, 1962, a three count indictment was returned against Richard Lee Davis charging violations of 18 U.S.C. § 2113(a), (b), (d).

After pleading not guilty at his July 13, 1962 arraignment, Mr. Davis subsequently entered a plea of guilty to Count I of the indictment and, Counts II and III having been dismissed, the Court on July 25, 1962, adjudged Richard Lee Davis to be convicted upon his plea of guilty and sentenced him to fifteen years imprisonment. A motion to vacate, set aside or correct that sentence, pursuant to the provisions of 28 U.S.C. § 2255, was filed on September 3, 1963, and an evidentiary hearing concerning the motion was held on February 3–4, 1965.[1] A supplemental hearing was conducted on April 23, 1965. The petitioner is now appealing the District Court's memorandum and order denying his motion.

While the issues raised by this appeal are somewhat numerous, they may be summarized in the following manner. The petitioner alleges that (1) he was deprived of constitutional rights when the United States Commissioner conducted his hearing while he was without counsel and under the influence of sedation; (2) he was illegally removed from Colorado to Nebraska; (3) the bond set by the Commissioner was excessive; (4) he was mentally incompetent when he entered his plea of guilty; (5) his plea of guilty was not voluntary; (6) his court-appointed counsel was incompetent. The allegations will be discussed in the above enumerated order.

Although the petitioner was not represented by counsel at the time of his

diana, November 15, 1964, from where he was brought to the District Court for the hearing. Order appointing counsel for the petitioner was entered December 21, 1964, and on January 20, 1965, the Court ordered a psychiatric examination of petitioner.

preliminary hearing, there is no indication that he was in any way prejudiced at that hearing. The petitioner's plea of guilty was not entered until after he was represented by court-appointed counsel. Under such circumstances, the petitioner's allegations concerning his preliminary hearing do not provide a basis upon which relief can be granted. Nolan v. Nash, 316 F.2d 776 (8th Cir. 1963).

The petitioner asserts that he was not subject to the jurisdiction of the Nebraska federal district court because he was illegally removed from Colorado to Nebraska. The fallacies of such a contention were adequately discussed in Evans v. United States, 325 F.2d 596, 601–603 (8th Cir. 1963) (Evans was a partner in the crime to which petitioner pled guilty); Bistram v. United States, 253 F.2d 610, 612–613 (8th Cir. 1958). As demonstrated by these cases, the issue raised by this contention is without merit.

■ There is serious doubt as to whether the petitioner's claim relating to the excessiveness of his bond is properly before this Court. Stack v. Boyle, 342 U. S. 1, 6, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Furthermore, even if the contention is considered on its merits, there has been nothing to indicate that the bail was "set at a figure higher than an amount reasonably calculated to insure that the accused will stand trial and submit to sentence if convicted." White v. United States, 330 F.2d 811, 814 (8th Cir. 1964); Forest v. United States, 203 F.2d 83, 84 (8th Cir. 1953). Petitioner has failed to raise a meritorious claim upon this issue.

■■ Petitioner further claims that he was mentally incompetent when he entered a plea of guilty.[2] Prior to the evidentiary hearing on this matter, the Court below appointed a psychiatrist to conduct a psychiatric examination of the petitioner. At the hearing, this psychiatrist testified to the effect that there was

nothing to indicate that the petitioner was mentally ill to the point that he could not understand the legal proceedings culminating in his conviction and sentencing, or that he was so disabled that he could not assist in his own defense in said proceedings. The unsupported allegations of the petitioner to the contrary fail to convince this Court otherwise. See Richards v. United States, 342 F.2d 962 (8th Cir. 1965).

■ Another ground upon which the petitioner relies is his allegation that his plea of guilty to Count I of the indictment was not voluntary. It is asserted that the guilty plea was prompted by promises from both the United States District Attorney and FBI agents concerning the sentence petitioner would receive if he pled guilty. It is further alleged that the petitioner's need for immediate medical aid and his desire to have the District Attorney return certain money to him also prompted his involuntary plea of guilty. Testimony at the evidentiary hearing on this matter refutes these allegations and clearly establishes that there is no basis for holding the petitioner's plea of guilty to have been entered involuntarily.

■ The petitioner's final contention pertains to the incompetency of his court-appointed counsel in the original criminal proceeding. In commenting on this point, the trial Court observed that "it affirmatively appears that Mr. Davis was well represented by his court appointed counsel and Mr. Davis has in no way satisfied his burden of proof in this respect. This allegation is at best frivolous and at worst is most unappreciative of the time and effort spent by court appointed counsel on behalf of the petitioner." A review of the record herein discloses that the trial court's conclusions concerning this allegation were well founded.

The judgment of the trial court denying applicant's motion to vacate sentence is affirmed.

---

2. There are several allegations in petitioner's pleadings pertaining to his mental competency at the time of the commission of the offense. Such matters cannot be properly raised or considered in a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Wheeler v. United States, 340 F.2d 119 (8th Cir. 1965).