**Richard Lee DAVIS, Petitioner,**

**v.**

**UNITED STATES of America, Department of Justice, and United States Board of Parole, Respondents.**

**Civ. A. No. 16916–3.**

United States District Court
W. D. Missouri, W. D.

July 30, 1968.

Richard Lee Davis, pro se.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, presently confined in the United States Penitentiary, Leavenworth, Kansas, petitions for a writ of federal habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that on July 24, 1962, he plead guilty to a charge of "armed bank robbery" in the United States District Court for the District of Nebraska; that the sentence imposed was for a term of 15 years' imprisonment; that he appealed the judgment of conviction and imposition of sentence to the United States Court of Appeals for the Eighth Circuit, 358 F.2d 360; and that he was never represented by counsel.

At the time petitioner filed the petition herein, he was in custody of the United States and confined in the Jackson County Jail, Kansas City, Missouri, as a result of the execution of a warrant for arrest of petitioner for allegedly violating the terms and conditions of his parole from the bank robbery conviction and sentence.

The gist of petitioner's complaint is that he was "falsely charged" with violating the terms and conditions of his parole; that he "did not steal car nor tamper with car as charged" (sic); that he "did not refuse to submit written monthly reports" and that his presence was known to his parole board; that he has been unable to obtain possession of his legal papers which are in the Kansas City, Kansas Y.M.C.A.; and that he has been unable to obtain a hearing on his alleged parole violation.

From the files and records in this case, it appears that the petitioner was transferred from the Jackson County Jail, Kansas City, Missouri, to the United States Penitentiary, Leavenworth, Kansas, on June 3, 1968. Further, it appears that petitioner had a parole revocation hearing on July 11, 1968.

Section 4207, Title 18, U.S.C., provides, in part, the following:

"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board."

The quoted portion of Section 4207 provides an alleged parole violator with procedural safeguards so that his freedom from imprisonment will not be revoked arbitrarily without first receiving a hearing within a reasonable time after rearrest assisted by counsel and with the right to present voluntary witnesses. United States ex rel. Obler v. Kenton (D.Conn., 1967), 262 F.Supp. 205.

In support of petitioner's complaint that he has not been afforded a parole revocation within a reasonable time after being rearrested, he has not alleged any fact or set of facts which show that his ability to defend the parole violation charge has been impaired. Therefore, the petition herein should be dismissed without prejudice.

Petitioner has an adequate remedy in the parole revocation proceeding and in the limited review of the result thereof by habeas corpus. Wright v. Settle (C.A. 8, 1961), 293 F.2d 317.

At the time petitioner filed the petition herein, his parole had not been revoked by the Board of Parole under Section 4207, Title 18, U.S.C. Petitioner has not yet been found to be a parole violator, and it should not be assumed that petitioner's rights will not be adequately protected in the parole revocation proceeding. Humphrey v. Wilson (W.D.Mo., 1968), 281 F.Supp. 937.

It is for the Board of Parole in the first instance to determine if cause exists for revocation of petitioner's parole. Therefore, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for habeas corpus herein be, and it is hereby, dismissed without prejudice.