**Earl C. HUNTER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent Appellee.**

**No. 27181**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

April 25, 1969.

Rehearing and Rehearing En Banc Denied June 19, 1969.

**1204**

Earl C. Hunter, pro se.

Allan Clark, Asst. U. S. Atty., Jacksonville, Fla., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part I.

This is an appeal from the denial of a motion to vacate judgment and sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant is serving a three-year sentence for violating 18 U.S.C. § 2312, the Dyer Act, having been convicted on his plea of guilty. In his § 2255 petition in the district court, he alleged that his plea was involuntary and was made in order to receive medical treatment and proper care. He also alleges insanity at the time of commission of the crime and that counsel was rendered inadequate and ineffective due to the failure of the court to inform counsel of appellant's past history of mental disorders.

Without holding a hearing, the district court reviewed the transcripts of the arraignment and sentencing, as well as the Rule 20, F.R.Crim.P., removal proceedings, and found that appellant's guilty plea was voluntarily and understandingly made. The court accordingly denied the § 2255 motion.

■ Upon examination of the entire record, we find that appellant was carefully and thoroughly questioned as to his understanding and willingness to plead guilty. Appellant represented to the court that he had not been induced to plead guilty, nor had any promises been made to him in exchange for his plea. The district court did not err in finding appellant's guilty plea was properly accepted by the trial court as voluntarily and understandingly made. Streator v. United States, 5 Cir. 1968, 395 F.2d 661; Pursley v. United States, 5 Cir. 1968, 391 F.2d 224.

■ The plea of guilty being so entered, appellant cannot raise on motion to vacate the issue of his insanity at the time of the offense. Bell v. United States, N.D.Miss.1966, 265 F.Supp. 311, aff'd 5 Cir. 1967, 375 F.2d 763, cert. denied, 389 U.S. 881, 88 S.Ct. 121, 19 L.Ed. 2d 175; Berube v. United States, C.D. Calif.1968, 284 F.Supp. 1, aff'd 4 Cir. 1968, 401 F.2d 773; Davis v. United States, 8 Cir. 1966, 358 F.2d 360; Clay v. United States, 10 Cir. 1962, 303 F.2d 301.

■ As to appellant's contention that counsel was rendered ineffective by the trial court's failure to inform him of appellant's past mental condition, the transcripts conclusively show otherwise. It was appellant's counsel who, after his first interview with appellant, requested a psychiatric examination on appellant's competency to stand trial.

A careful study of the record and transcripts reveals no clear error in the findings and conclusions of the district court and its application of the law. Accordingly, the judgment below is

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.