**Russell Elliot TODD, Jr., Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 28070.**

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1969.

Russell Elliot Todd, Jr., pro se.

Morton L. Susman, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

In this pro se case appellant has failed to file a brief within the time fixed by Rule 31, F.R.A.P., and it is therefore appropriate to dispose of this case summarily pursuant to Rule 9(c)(2) of this Court. Stout v. Broom, 5th Cir. 1969, 406 F.2d 758.

This appeal is taken from the judgment of the district court denying without an evidentiary hearing a motion to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant, represented by court-appointed counsel, was convicted on his pleas of guilty to two violations of the Dyer Act, 18 U.S.C. § 2312. He was sentenced to concurrent terms of five years on each violation, with a recommendation that he be confined in a hospital-type institution. In his motion to vacate the sentence, appellant alleges that he was not mentally competent at the time of the arraignment or at the time of the offense and that the trial court was put on notice and should have held a hearing to determine his competency before accepting the guilty pleas. Appellant also alleges that he was denied counsel at all stages prior to his arraignment.

The court below, reviewing the transcripts of appellant's arraignment and sentencing, stated that there was no reasonable cause presented to the court indicating that appellant might be insane or otherwise mentally incompetent so as to require a hearing on his competency to stand trial. The district court found that the appellant understood the nature of the charges and their consequences and had a rational understanding of the proceedings against him. A study of the transcripts reveals that the district court was not clearly erroneous in making these findings, which are further substantiated by the psychiatric evaluation made by the prison psychiatrist at the court's request.

This court need not consider appellant's remaining allegations, since a guilty plea that is understandingly and knowingly made is a waiver of all prior non-jurisdictional defects. File v. Smith, 5th Cir. 1969, 413 F.2d 969; Busby v. Holman, 5th Cir. 1966, 356 F.2d 75; Cooper v. Holman, 5th Cir. 1966, 356 F.2d 82. Further, a plea of guilty so entered bars appellant from raising on motion to vacate the issue of insanity at the time of the offense. Hunter v. United States, 5th Cir. 1969, 409 F.2d 1203; Bell v. United States, N.D.Miss. 1966, 265 F. Supp. 311, aff'd 5th Cir. 1967, 375 F.2d 763, cert. denied 389 U.S. 881, 88 S.Ct. 121, 19 L.Ed.2d 175. The judgment below is

Affirmed.