431 F.2d 565
 Willis SMITH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 28986 Summary Calendar.*
*Rule 18, 5 Cir., See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
 
 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. 10, 1970.
 Willis Smith, pro se.
 Robert W. Rust, U.S. Atty., Jose E. Martinez, Asst. U.S. Atty., Miami, Fla., for respondent-appellee.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the motion of a federal prisoner to vacate sentence pursuant to 28 U.S.C.A. 2255. We affirm.
 
 
 2
 Appellant was convicted upon trial by jury on two counts of violating 26 U.S.C. 4704(a) and 21 U.S.C. 174, federal narcotics laws. He was sentenced to concurrent terms of 15 years imprisonment on June 1, 1964. The conviction was affirmed on appeal. Smith v. United States, 5 Cir., 1966, 357 F.2d 486.
 
 
 3
 Appellant, in his motion to vacate sentence, challenges the method of selecting the grand and petit juries in the district where he was tried. He also alleges that he was mentally incompetent throughout the time of his arrest and trial due to his addiction to narcotic drugs. Finally, he alleges that he was not advised of his right to have counsel present during interrogation.
 
 
 4
 The district court denied relief without holding an evidentiary hearing. This was correct. It affirmatively appears from the files and records that the claim for relief is without merit. As the court stated, the jury selection system used in the district since 1962 was specifically approved in Stassi v. United States, 5 Cir., 1968, 401 F.2d 259.
 
 
 5
 The district court also found that appellant clearly and lucidly responded to direct and cross examination at his trial, and that there was no indication or suggestion before, during, or after trial that appellant was incompetent. Having reviewed the record, which includes the transcript of appellant's trial, we perceive no clear error in those findings. The action of the district court in rejecting the claim of incompetency without a hearing on the ground that it was conclusively refuted by the record is amply supported in fact and law. Howard v. United States, 5 Cir., 1970, 420 F.2d 478; Todd v. United States, 5 Cir., 1969, 418 F.2d 134, 135.
 
 
 6
 Likewise, there is no merit whatever in the contention that the incriminating statements of appellant were inadmissible.
 
 
 7
 Affirmed.