John Leon **BIGGS**, 17743, Petitioner,

v.

**UNITED STATES** of America,
Respondent.

P. Civ. A. No. 2292.

United States District Court,
N. D. Florida,
Pensacola Division.

Oct. 7, 1970.

----◆----

## ORDER

ARNOW, Chief Judge.

This cause is before the Court on motion pursuant to 28 U.S.C. § 2255 attacking a sentence imposed by this Court, "petition for common law writ of error coram nobis", motion for evidentiary hearing, motion for appointment of counsel, motion for transcript, motion for interlocutory injunction, and motion to set aside bond forfeiture. It appears that petition to proceed in forma pauperis should be granted.

■ When a petitioner's proper remedy is by motion under 28 U.S.C. § 2255, petition for writ of coram nobis will be treated as a motion to vacate or correct sentence. Perry v. United States, 332 F.2d 369 (9 Cir. 1964). The motion for evidentiary hearing is likewise a claim for the relief afforded by the statute. Therefore, the matters contained in the first three motions will be treated by the Court as one motion under 28 U.S.C. § 2255.

Petitioner was indicted on three counts of obstruction of correspondence under 18 U.S.C. § 1702. On the day of his scheduled arraignment in Pensacola, Florida, Petitioner did not appear in court. A telephone call was received before the court recessed from the Chief of Police in Atmore, Alabama, to the effect that Petitioner was in custody there, having become too intoxicated to continue on to Pensacola. Petitioner, was taken by the United States Deputy Marshal to the Escambia General Hospital for treatment. On February 4, 1970, having been released from the hospital to the marshal two days earlier, Petitioner was arraigned and entered a plea of guilty to Count Three of the indictment, whereupon the other two counts were dismissed on motion of the Government. Petitioner has remained continuously in custody from the time he was picked up by the marshal to the present.

■ Petitioner now alleges numerous grounds for relief. However, his plea of guilty, if voluntarily and understandingly entered, is conclusive as to his guilt, admitting the facts as charged and waiving all non-jurisdictional defects in the prior proceedings against him. Chambers v. Beto, 428 F.2d 791 (5 Cir. 1970); Howard v. United States, 420 F.2d 478 (5 Cir. 1970).

■ Petitioner charges that his counsel rendered ineffective assistance. Such a charge cannot be sustained unless it appears clearly well-grounded. It is necessary to show that the trial was a farce or a mockery of justice, or that the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for preparation. Busby v. Holman, 356 F.2d 75 (5 Cir. 1966); Williams v. Beto, 354 F.2d 698 (5 Cir. 1965). The record in Petitioner's case amply refutes this charge.

■ Petitioner also contends that his plea was involuntary, having been made out of ignorance and inadvertence because the judge failed to comply with Rule 11 of the Federal Rules of Criminal Procedure, and failed to satisfy himself that there was a factual basis for the plea and that it was entered voluntarily as required by McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The Court has had prepared the transcript of Petitioner's arraignment and sentencing. The transcript conclusively refutes Petitioner's contention.

■ Petitioner contends that his plea was involuntary because he was incompetent at the time of the commission of the offense and at the time he entered his plea of guilty. Incompetency at the time of an offense cannot be the basis of a motion under 28 U.S.C. § 2255 when the

court has questioned the accused and found his plea to have been entered voluntarily. Hunter v. United States, 409 F.2d 1203 (5 Cir. 1969); Berube v. United States, 284 F.Supp. 1, 5 (C.D. Cal.1968), aff'd 401 F.2d 773 (4 Cir. 1969), cert. den. 393 U.S. 1104, 89 S.Ct. 908, 21 L.Ed.2d 798 (1969); Bell v. United States, 265 F.Supp. 311, 316 (N. D.Miss.1966), aff'd 375 F.2d 763 (5 Cir. 1967), cert. den. 389 U.S. 881, 88 S.Ct. 121, 19 L.Ed.2d 175 (1967).

■ In support of his allegation that he was incompetent at the time he entered his plea, Petitioner contends that he had previously been adjudicated incompetent and committed to the State Mental Hospital at Tuscaloosa, Alabama, and that on the day of his arraignment he was suffering symptoms of withdrawal from alcohol and from drugs administered to him in Escambia General Hospital. Incapacity due to drugs or to symptoms of withdrawal therefrom requires the application of the same principles as a claim of mental incompetency. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Alexander v. United States, 290 F.2d 252 (5 Cir. 1961).

■ The Court has obtained and reviewed the medical records pertaining to each of Petitioner's hospital admissions as well as the records of the judges of probate for Tuscaloosa and Baldwin Counties. From these records it is clear that although Petitioner was once declared incompetent in January of 1968, his problem has consistently been diagnosed as alcoholism. Petitioner was later discharged as competent following the commitment of January, 1968, and has not been declared incompetent since. He has been admitted to hospitals for treatment of alcoholism on several occasions and each time has been considered competent. The diagnosis of the physician who treated him immediately prior to his arraignment was "alcoholism". No evidence of incapacitating mental illness appears in any of Petitioner's hospital records.

Regarding the allegation that Petitioner was suffering withdrawal symptoms at the time of his plea, the record shows that Petitioner's drinking problem was brought to the Court's attention, but there was no intimation that he was suffering from withdrawal of either alcohol or drugs. Petitioner appeared lucid, rational, and in full control of his faculties. At sentencing a month later, when speaking in his own behalf, Petitioner discussed his drinking problem with the Court but made no mention of any problem of withdrawal from drugs or alcohol existing at the time of his arraignment. Again he appeared lucid and rational. It should be pointed out that during the month between arraignment and sentencing, Petitioner had been in custody, had received no drugs, and could not, at the time of sentencing, have been suffering withdrawal symptoms.

■ Although it is well recognized that a claim of mental incompetency at the time of trial or entry of a plea, if supported by any credible factual allegations, is not to be considered frivolous, the court may reject such claim without a hearing if it is conclusively refuted by the record. Smith v. United States, 431 F.2d 565 (5 Cir. 1970); Howard v. United States, supra; Todd v. United States, 418 F.2d 134, 135 (5 Cir. 1969).

■ Petitioner bases his § 2255 motion, in part, and his motion for interlocutory injunction, on the ground that the statute under which he was indicted, 18 U.S.C. § 1702, is unconstitutional. This statute has previously been held constitutional, and this Court is in accord. United States v. Bullington, 170 F. 121 (C.C.Ala.1908).

Prior to the filing of these motions, Petitioner wrote a letter to the Court requesting modification of his sentence and setting forth numerous reasons for his request. Nowhere in the letter is any mention made that Petitioner was incompetent at the time of his arraignment and sentencing, that his attorney's representation was ineffective, that the Court failed to comply with the require-

ments of Rule 11 and *McCarthy*, that 28 U.S.C. § 1702 is unconstitutional, or of any of the other matters now alleged. On the contrary, Petitioner stated that he was "justly entitled" to the sentence he received. It is evident the present motions constitute a belated attempt to raise claims which have no basis in fact.

The Court further is of the opinion that the circumstances of this case are not such as to require the appointment of an attorney to represent Petitioner or the furnishing of a transcript to him for the purpose of preparing his motions. Sanders v. United States, supra; Harless v. United States, 329 F.2d 397 (5 Cir. 1964); United States v. Glass, 317 F.2d 200 (4 Cir. 1963).

▮ Concerning the motion to set aside bond forfeiture, the Court, on April 27, 1970, remitted in the amount of $1,750 the $2,500 bond previously forfeited. Having considered the matter, the Court finds no reason for any modification in its order of remission.

Petitioner's claims are conclusively refuted by the files and records in this case, he is entitled to no relief, and no evidentiary hearing is required. 28 U.S.C. § 2255; Sanders v. United States, supra; Smith v. United States, supra; Howard v. United States, supra.

The transcript of Petitioner's arraignment and sentencing, a certified copy of the waiver and consent signed by Petitioner, and the medical and probate court records are hereby made a part of the file in this case.

Therefore, it is

Ordered:

1. Petition to proceed in forma pauperis is hereby granted.

2. Petition to vacate sentence, petition for writ of coram nobis, motion for evidentiary hearing, motion for appointment of counsel, motion for transcript, motion for interlocutory injunction, and motion to set aside bond forfeiture are each denied.

3. The Clerk of this Court is directed to mail copies of this order to Petitioner and to Respondent.