**Ernest Richard SPEED, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–1180**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 23, 1971.

Ernest R. Speed, pro se.

John L. Briggs, U. S. Atty., John D. Roberts, Asst. U. S. Atty., Jacksonville, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This is the appeal of a federal prisoner from the denial of his motion to vacate the judgment and sentence [1] which

---

* [1]  Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

I.  28 U.S.C. § 2255.

he received in the United States District Court for the Middle District of Florida. We affirm.

The appellant was convicted upon his plea of guilty of three counts of interstate transportation of fraudulent securities (forged checks), in violation of 18 U.S.C.A. § 2314. He was sentenced on June 4, 1970 to serve three concurrent five-year prison terms.

Appellant contends that the judgment of conviction should be vacated because he was mentally incompetent at the time the offenses allegedly were committed. He claims ineffective assistance of his court-appointed counsel who allegedly knew that the appellant had been mentally ill when the offense was committed. Finally, appellant asserts the district judge erred in accepting the plea because he knew that the appellant had been mentally ill at the time of commission of the offense.

Appellant bases his contentions on the fact that he had been committed to a state mental hospital until he went on convalescent leave on October 1, 1968. The offenses allegedly were committed in August, 1969. Appellant returned to the hospital on December 5, 1969 where he remained until he left without consent 18 days later.

Being aware of the appellant's history, the district court ordered a pre-trial psychiatric examination following which a plenary hearing was held on the issue of appellant's competency to stand trial. The psychiatrist testified unequivocally that the appellant was then competent, and the defense offered no evidence to the contrary. At the conclusion of the hearing the district court held that the appellant was presently competent. Without objection, the appellant then waived indictment and entered a plea of guilty the voluntariness of which is not otherwise subject to attack.

We find no error in the acceptance by the district court of appellant's guilty plea, in light of the positive evidence that he was then mentally competent. Of course insanity at the time of the offense is in effect the equivalent of a defense to the merits. And appellant is foreclosed from attacking his convictions in § 2255 proceedings on this ground since the conviction is based on the plea of guilty, which constitutes a waiver of all such non-jurisdictional defenses. Hunter v. United States, 5th Cir. 1969, 409 F.2d 1203; Todd v. United States, 5th Cir. 1969, 418 F.2d 134; Rice v. Unied States, 5th Cir. 1969, 420 F.2d 863, cert. denied 398 U.S. 910, 90 S.Ct. 1705, 26 L.Ed.2d 70.

Affirmed.