445 F.2d 1062
 Clarence Dewane OAKS, Petitioner-Appellee,
v.
Louie L. WAINWRIGHT, Drrector, Division of Corrections,
State of Florida, Respondent-Appellant.
No. 30930 Summary Calendar.*
*(1) Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 June 25, 1971, Rehearing and Rehearing En Banc Denied Sept. 22, 1971.
 
 P. A. Pacyna, Asst. Atty. Gen., Lakeland, Fla., Earl Faircloth, Atty. Gen., of Florida, for respondent-appellant.
 Jerome J. Bornstein, Orlando, Fla., for petitioner-appellee.
 Clarence D. Oaks, pro se.
 Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit judges.
 JOHN R. BROWN, Chief Judge:
 
 
 1
 Clarence Dewane Oaks, after some equivocation,[1] pleaded guilty in a Florida court to a charge of second degree murder and was sentenced to imprisonment for twenty years. In grnating his petition for a writ of habeas corpus the District Court avoided confronting the problem of retroactivity posed by Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 by finding the plea invalid even under pre-Boykin standards. We reverse.
 
 
 2
 Certainly there is no novelty in the assertion that a criminal conviction grounded upon an involuntary plea of guilty is violative of due process of law in both State and Federal prosecutions. Wade v. Wainwright, 5 Cir., 1969, 420 F.2d 898, 900; Busby v. Holman, 5 Cir., 1966, 356 F.2d 75, 78. But Boykin imparts a unique twist to this rule by requiring affirmative evidence in the record to establish an intelligent and voluntary ples, thereby rejecting as insufficient the mere lack of evidence that the plea was involuntary or coerced. 'It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary.' 395 U.S. at 242, 89 S.Ct. at 1711, 23 L.Ed.2d at 279. The problem of whether this standard is retroactively applicable is as yet unresolved.[2]
 
 
 3
 However, we need not reach that issue directly in view of the Supreme Court's subsequent holding in North Carolina v. Alford, 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 that an equivocal or conditional plea of guilty supported by independent corroborative evidence of guilt is not automatically invalidated merely because the defendant simultaneously accepts criminal responsibility but denies commission or knowledge of commission.[3] 'An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit participation in the acts constituting the crime.' 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171.
 
 
 4
 Conceding Oak's contention that he did not remember killing his wife, his plea was nevertheless valid under both Boykin and Alford if it was knowingly and voluntarily entered and surrounded by other circumstances establishing his guilt. Our reading of the record, including the defendant's testimony in the State hearing on his petition to vacate the conviction, convinces us that it was.
 
 
 5
 His own words reflected in the State record show that Oaks at the time of his arraignment was aware that he was confronted with substantial evidence of his guilt. His attorney advised foregoing a jury trial because the prosecution had an 'airtight case,' and he knew that his own children (including a son who had witnessed the shooting) were going to testify as witnesses against him. He also remembered some of the events preceding the killing because he stated that 'I did not go to the house with the intention of harming anyone.' He was arrested only three hours after the crime was committed, and at no time thereafter did he affirmatively deny his guilt. The equivocal character of his plea and his refusal to admit commission of the acts underlying the criminal charge were predicated upon his belief that he could not have been guilty of second degree murder because of his intoxication, not upon any genuine doubt that he committed the homicide.
 
 
 6
 Under these circumstances, after being advised of his right to a jury trial and of the maximum sentence which could be imposed, Oaks pleaded guilty to a reduced charge of second degree murder. All the facts point to a knowing and voluntary plea induced by the defendant's knowledge of strong evidence corroborating his guilt and by his cesire to trade the certainty of prison for the possibility of a death sentence. Such a plea is not constitutionally infirm. North Carolina v. Alford, supra; Parker v. North Carolina, 1970, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.
 
 
 7
 Although the defendant never explicitly raised the issue, the circumstances suggest that insanity or mental incapacity might have been asserted as a possible defense. But once the plea of guilty if found to have been voluntarily and knowingly made the claim of insanity or lack of mental accountability is just another defense that goes out with the plea. Zales v. Henderson, 5 Cir., 1970, 433 F.2d 20, 23; Todd v. United States, 5 Cir., 1969, 418 F.2d 134, 135; Hunter v. United States, 5 Cir., 1969, 409 F.2d 1203, 1204.
 
 
 8
 As the writ should have been denied, the judgment of the District Court is reversed and the cause remanded for entry of an order denying the writ of habeas corpus.
 
 
 9
 Reversed and remanded.
 
 
 10
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 PER CURIAM:
 
 11
 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 [1]
 'The Court: You are Charles DeWayne Oakes and a plea has been tendered for you of guilty of the crime of murder in the second degree. Do you understand the significance of that plea?
 Mr. Oakes: I think I do, sir. I understand that I should admit that I did do it, but I don't feel, say, that I did know that I was doing it at this time.
 The Court: Mr. Oakes, you don't have to say anything. That is one of the beautiful things about the country in which you are a citizen. That is, you are not called upon to (receive) the defense on the trial of murder. The second degree, as I am sure your counsel has explained to you, or that is what you are indicating to me, that you felt, that at this time of killing you were of a depraved mind.
 Mr. Oakes: I don't remember, but I can accept second degree, since I know she is gone and I evidently did it.
 The Court: Let the plea be entered and the Court will order a P.S.I.'
 
 
 [2]
 In Schnautz v. Beto, 5 Cir., 1969, 416 F.2d 214 we did intimate that Boykin would be applied retroactively, but as there were other circumstances dictating reversal we subsequently left the question open. Wade v. Wainwright, 5 Cir., 1969, 420 F.2d 898, 900
 
 
 [3]
 Our earlier holding in Hulsey v. United States, 5 Cir., 1966, 369 F.2d 284, 287 suggesting that only an unqualified admission of guilt satisfies the requirements of due process must accordingly be modified as it bears on State cases. Hulsey was a Federal criminal case involving the question of whether a conditional plea was inconsistent with the requirement of F.R.Cr.P. 11 that the Court 'shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.' Our rejection of such Federal pleas is therefore based upon our supervisor power over Federal trial courts rather than upon a constitutional standard
 As the District Judge's decision below was rendered on June 2, 1970, and preceded Alford by almost six months, it is quite understandable that he apparently thought Hulsey compelled granting habeas relief.