UNITED STATES of America, Plaintiff-Appellee,

v.

Leonard S. BENDICKS, Defendant-Appellant.

No. 71–1704

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 20, 1971.

New York et al. 5 Cir., 1970, 431 F.2d 409, Part I.

**314**

James W. Matthews, Miami, Fla., Court-appointed, for defendant-appellant.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Bendicks appeals from his conviction of kidnapping and transporting in interstate and foreign commerce from Monroe County, Florida, to the Republic of Cuba, an aircraft pilot, in violation of 18 U.S.C. § 1201, after having entered a plea of guilty to the alleged crime. We affirm.

This is the second time this matter is before us. See United States v. Bendicks, 5 Cir., 1971, 439 F.2d 1120. Bendicks was originally indicted on two counts. Count 1 of the indictment charged him with the kidnapping offense hereinabove referred to. Count 2 charged him with aircraft piracy, in violation of 49 U.S.C. § 1472. He entered a plea of not guilty to both counts. On motion of Bendicks, to which the Government made no objection, the District Court limited the issue for jury determination to the question of defendant's sanity at the time the alleged offenses were committed. On November 24, 1969, the jury returned a verdict finding defendant sane at the time he allegedly committed the offenses with which he was charged and in accordance therewith the District Court rendered an adjudication of sanity. Defendant appealed therefrom alleging that the evidence was insufficient to present a jury question, that the court erred in failing to instruct the jury that the presumption of sanity had been rebutted by the evidence, and that the verdict as rendered was not unanimous. On February 25, 1971, prior to the rendition of our initial decision, defendant withdrew his plea of not guilty to Count 1, the kidnapping charge, and entered a plea of guilty thereto. On March 4, 1971, he was sentenced to ten years' imprisonment.

We dismissed the appeal from the adjudication of sanity because the decision lacked the requisite finality to confer appellate jurisdiction. We reserved to appellant, however, his rights, if any, to appeal from the conviction and sentence. The record of those proceedings is now before us.

It is a well-established principle of law that a guilty plea, voluntarily and intelligently made, is a valid plea, Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711–1712, 23 L.Ed.2d 274 (1969); Brady v. United States, 397 U. S. 742, 747, 90 S.Ct. 1463, 1468, 25 L. Ed.2d 747 (1970), and "is an admission of all the elements of a formal criminal charge." McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). The arraignment and sentencing proceedings unequivocally show that the plea was knowingly, intelligently and voluntarily made by Bendicks after a thorough personal interrogation by the District Judge of defendant's understanding of

the nature of the charge and the consequences of the plea, and accepted by the Trial Court following its determination that there was a factual basis for the plea, all in strict accordance with Rule 11 of the Federal Rules of Criminal Procedure. Indeed, appellant does not attack the validity of the plea. He reiterates the contentions of his first appeal relating to the sanity proceedings.

We have held on numerous occasions that a valid guilty plea constitutes a waiver of all non-jurisdictional defects in the prior proceedings. See, e. g., Busby v. Holman, 5 Cir., 1966, 356 F.2d 75; White v. Beto, 5 Cir., 1966, 367 F.2d 557; Brown v. Beto, 5 Cir., 1967, 377 F.2d 950; Howard v. United States, 5 Cir., 1970, 420 F.2d 478. We have also held that the defense of insanity at the time of the offense is such a non-jurisdictional defect. Hunter v. United States, 5 Cir., 1969, 409 F.2d 1203; Todd v. United States, 5 Cir., 1969, 418 F.2d 134. Nevertheless, because of the unusual posture of this appeal, brought about by the bifurcated sanity-guilt proceedings, we have fully considered all of appellant's contentions and find them to be without merit.

The District Court conformed in every respect to the standards enunciated in Blake v. United States, 5 Cir., 1969, 407 F.2d 908, in determining that there was evidence sufficient to submit defendant's claim of insanity to the jury and in instructing the jury of the Government's burden to prove beyond a reasonable doubt that defendant was sane at the time of the alleged offense and thus possessed of the requisite criminal intent.

Appellant's additional contention that the verdict was not unanimous is likewise without basis. The jury returned a verdict finding appellant sane. At the request of defense counsel, the jury was polled and one member thereof declared that he had reached an opposite verdict. The District Judge then instructed the jury to retire and resume its deliberations as the verdict was not acceptable. Upon further deliberation the jury again returned a verdict of sanity and, as before, was polled. All jurors stated that the verdict as read was their true verdict. Defense counsel thereupon accepted the poll as satisfactory.

We find no error in the District Court proceedings.

Affirmed.