UNITED STATES of America,
Plaintiff-Appellee,

v.

Sara Jane MOORE, Defendant-Appellant.

No. 77–3627.

United States Court of Appeals,
Ninth Circuit.

June 25, 1979.

Rehearing Denied Sept. 6, 1979.

Sara Jane Moore in pro. per.

Linda C. Jamieson, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before SNEED and TANG, Circuit Judges, and SMITH,* District Judge.

TANG, Circuit Judge.

On December 16, 1975, the appellant, Sara Jane Moore, entered a plea of guilty to attempting to murder Gerald R. Ford, President of the United States. She was sentenced to life imprisonment. On April 15, 1977, Moore petitioned the district court to

* Honorable Russell E. Smith, District Judge for the District of Montana, sitting by designation.

set aside her plea and vacate her sentence pursuant to 28 U.S.C. § 2255 and Rule 11, Fed.R.Crim.Pro. The court denied relief whereupon Moore filed this appeal. Moore argues that her plea was involuntarily made; that she was incompetent to plead guilty; that her counsel was ineffective; and, that the court abused its discretion in accepting her plea and in sentencing her to life imprisonment. We have carefully reviewed the entire record on appeal and, for the reasons stated below, we reject Moore's arguments.

Sara Jane Moore was arrested on September 22, 1975, for attempting to murder President Ford. Shortly after Moore's arrest the court ordered Moore to be examined in order to determine her competency to stand trial. On November 17, 1975, the court, after hearing, ruled that Moore was competent to stand trial. The trial date was set for December 15, 1975. Defense counsel objected to the early trial date but the date was left at December 15, 1975.[1] On November 26, 1975, defense counsel informed the court that efforts were being made to meet the trial schedule, but he reserved the right to move for a continuance.

On December 12, 1975, a pre-trial conference was held. At that hearing defense counsel informed the court that Moore, against his advice, desired to change her plea to guilty. The court instructed her as to her constitutional rights and the effects of a guilty plea. The court, however, refused to accept her plea and ordered another hearing on December 15, 1975, in order to give her some time to think over her decision.

At the December 15th hearing, Moore again stated her desire to plead guilty. The court once again informed her of her rights and of the effects of a guilty plea. A court-appointed psychiatrist, who had examined Moore the previous day, testified that she was competent to change her plea. The court determined she was competent to change her plea but refused to accept the guilty plea, ordering another hearing the following day, December 16th, to receive independent government evidence to establish a *prima facie* case against her.

On December 16, 1975, Moore presented a detailed factual basis for her guilty plea and the government presented independent evidence establishing her guilt. Further testimony was received as to her sanity at the time of the offense. After finding that Moore's plea was voluntarily, knowingly and intelligently given, the court accepted her plea of guilty. Some sixteen months later, on April 15, 1977, Moore petitioned the sentencing district court to set aside her plea of guilty and to vacate her sentence. The court considered and denied the motions whereupon a timely notice of appeal was filed.[2]

In denying Moore's § 2255 petition, the district court based its decision upon the records, affidavits and papers filed with the court and on oral argument. The court did not hold a full evidentiary hearing. Under 28 U.S.C. § 2255, a § 2255 motion may be denied without an evidentiary hearing if the motion, files and record in the case conclusively show that the prisoner is entitled to no relief. *Jack v. United States*, 435 F.2d 317 (9th Cir. 1970). We think the district court did not err in so disposing of Moore's motion.

*Voluntariness of Plea:*

Moore claims her plea of guilty was not entered voluntarily nor with an under-

---

1. During pre-trial, Moore petitioned this Court for a writ of mandamus to set aside certain pre-trial proceedings. We denied her petition in *Moore v. United States District Court*, 525 F.2d 328 (9th Cir., Nov. 12, 1975).

2. Moore was originally before this Court in this matter in propria persona. She filed a handwritten opening brief which raised particular issues but without supporting authority. Pursuant to Rule 3(a) of the Rules of the Ninth Circuit, the case was ordered submitted. Subsequently, Moore filed a motion of substitution of attorney, moved to vacate submission and moved to file a supplemental brief. This Court vacated submission, granted Moore's motion for substitution of attorney and ordered the parties to file supplemental briefs. The case was resubmitted after receipt of the supplemental briefs.

standing of the consequences thereof. She claims her plea was the result of fear of going hastily into trial with an attorney who she believed could not be prepared for trial.

■ A plea entered because counsel is unprepared for trial is involuntary. *See Colson v. Smith*, 438 F.2d 1075, (5th Cir. 1971). The record shows that when time settings for a competency hearing and trial were first made on October 28, 1975, defense counsel did object to trying the case within ninety days on the ground that he could not prepare for trial. Shortly thereafter, he petitioned this court concerning pretrial proceedings[3] and, on November 18th, defense counsel moved to have the trial date changed from December 15th to January 15th. However, defense counsel's subsequent statements contradict Moore's assertion that her attorney was unprepared. On November 26th, the attorney told the court that every effort was being made to meet the trial schedule and, if he were unable to meet the schedule, he would again move for a continuance. At that time defense counsel indicated he did not anticipate having any particular discovery problems as he had no motions of substance and all that remained were certain "housekeeping" motions. Defense counsel also filed his voir dire questions on time and, on December 9, filed a notice of a mental condition defense. No continuance was thereafter requested. The record does not anywhere suggest Moore's counsel was unprepared prior to her plea.

Nor does the record suggest anywhere that Moore entered her plea out of fear or that her plea was involuntarily made. The record reveals that the trial judge was very careful in taking Moore's plea. He continued the plea taking process twice, he thoroughly advised her twice of the rights waived by plea and he called for an independent hearing to establish a factual basis for the plea.

Moore's statement that the plea was involuntary is conclusory and contradicted by the record.

*Competency to Plead Guilty:*

■ On November 17, 1975, the district court found Moore competent to stand trial, based on the testimony and reports of six psychiatrists and psychologists. This finding of competency is not contested; however, Moore claims she was not competent at the time she changed her plea. In support of this claim she submitted an affidavit by a psychiatrist who averred Moore was "not in a state of mind consistent with good judgment" at the time she changed her plea, and that her plea was an "impulse" arising out of fear and panic. These conclusions were based on two consultations with Moore in May 1977, one of one hour and the other of three hours length.

■ The standard for competency to plead guilty was dealt with in *Sieling v. Eyman*, 478 F.2d 211, 215 (9th Cir. 1973):

> A defendant is not competent to plead guilty if a mental illness has substantially impaired his ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea.

Moore's claim of incompetency is not supported by the record, nor does her affidavit support a finding of incompetence under the test stated in *Sieling*.

When Moore notified the court of her desire to change her plea on December 12, the court refused to accept it in order to give her the weekend to think it over. The following Monday, Moore again stated she wanted to plead guilty. That day the court held a hearing on whether Moore was competent to plead guilty. Dr. Robert Jack Eardley, who had testified as to Moore's competency to stand trial, testified that he had spent some five or six hours discussing the plea with her and thought she was competent to plead. During the hearings on the 12th and 15th Moore made statements indicating she thought she was competent. The fact that Moore was given a weekend to think over her desire to plead

---

**3.** See note 1 *supra*.

guilty contradicts the assertion that her plea was an "impulse." Further, the record shows no mention of fear of a hasty trial or panic.

■ Nevertheless, Moore also asks now that she be allowed to withdraw her plea due to the "quality and quantity" of her competency hearing. She notes that evidence from six psychiatrists and psychologists was used to find her competent to stand trial on November 17; yet, only one psychiatrist testified as to her competency to plead guilty on December 15. She further notes that the trial judge referred to testimony from the November 17th hearing when determining she was competent to plead guilty. Moore's argument is without merit. We find no error. Testimony as to a defendant's competency to stand trial may be relevant to determine competency to plead guilty where there is a relatively short time span between the hearing on competency to stand trial and the plea proceedings. *Makal v. Arizona,* 544 F.2d 1030, 1035 (9th Cir. 1976); *See also Seiling v. Eyman, supra.* Appellant has not met her burden of establishing mental incompetence.

*Effective Assistance of Counsel:*

Moore next contends she was denied effective assistance of counsel at the time she entered a plea of guilty. In her first affidavit, Moore states primarily that she did not think her attorney was acting in her best interests; that he repeatedly refused to discuss the merits of her case; that he told her he was the only attorney she could have; that an assistant to her attorney passed on a confidential piece of information; and that the psychiatrist discussed the legal aspect of her case with her more than did her attorney. In her second affidavit, she elaborates on these earlier charges and indicated that her attorney prevented several persons from speaking with her. Finally, Moore states her attorney took no affirmative steps from preventing her from entering a guilty plea.

■ We recently decided what constitutes ineffective assistance of counsel in *Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir. en banc 1978). In *Cooper* we held that persons accused of crime are to be afforded "reasonably competent and effective representation of counsel." Furthermore, relief will only be granted if it appears the defendant was prejudiced by counsel's conduct. The claimed errors do not indicate a violation of this standard and the alleged errors are substantially contradicted by the record.

■ Moore's counsel advised her repeatedly against pleading guilty. He informed the court on Friday, December 12th that he had indicated to Moore it was against her best interests to plead guilty and that he advised against it. On Monday, December 15th, he informed the court that he had discussed the plea with Moore after the Friday hearing and before the Monday hearing and he reiterated to the court that a plea of guilty was against his advice. He indicated he had discussed all facets of the case with Moore, including her defenses. He presented testimony from a defense psychiatrist to the court concerning Moore's competency at the time of the offense. He interrupted the Government's presentation of the factual basis of the plea to make sure testimony favorable to Moore's defense was included. On December 16th, he reiterated his opposition on two occasions to entering the guilty plea.

■ More importantly, the record reveals that Moore made repeated expressions of confidence and satisfaction with her attorney. Solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Moore's allegation of a breach of confidentiality by counsel is not supported by the record. Furthermore, the allegation is vague in that she fails to reveal what, if any, statements were released and whether they were prejudicial. In addition, the record shows that Moore's counsel stated in open court and without contradiction during the plea proceedings that they had ample time to discuss the case together. Nowhere does the

record suggest that there had been a breakdown of attorney-client relations, as Moore now indicates. Her counsel was well "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

*Other Issues:*

■ The appellant Moore also argues two issues not raised before the district court in her § 2255 petition. These two issues are only raised for the first time on appeal in the supplemental brief filed by Moore's new attorney. They are untimely and without merit.

*Acceptance of Moore's Plea:*

■ Moore argues that the district court abused its discretion in finding Moore mentally responsible at the time of the offense. She argues that the court abused its discretion by not rejecting her plea, sua sponte, because of the possibility of an insanity defense. Prior to accepting Moore's plea, the district court judge received evidence from two psychiatrists on whether Moore was sane at the time she committed the offense. He also heard testimony from Moore, from police officers, and from FBI and secret service agents who interrogated Moore at the time of the offense. The trial judge concluded after reviewing all the evidence that a jury of reasonable minds could find Moore guilty as charged. We will not review the court's determination since the defendant had been found competent to plead guilty. Insanity at the time of the offense cannot be the basis of a § 2255 motion when a defendant's guilty plea was properly accepted by the trial court as voluntarily and understandingly made. *Speed v. United States*, 441 F.2d 1106 (5th Cir. 1971); *Davis v. United States*, 358 F.2d 360 (8th Cir. 1966); *Berube v. United States*, 284 F.Supp. 1 (C.D.Cal.1968). Nor do we find any abuse of discretion by the trial court for not, sua sponte, rejecting her plea.

*Moore's Sentence:*

■ Finally, Moore alleges that the court failed properly to exercise its discretion by sentencing her to life imprisonment. She claims that the judge applied an excessive sentence, acted mechanically and with personal bias. To support these claims she urges that she was sentenced to life because the judge stated she was a "product of permissive society" and because she expounded the "rhetoric of the day."

Prior to sentencing, Moore made an extensive statement in court. She stated her belief that assassination was a valid political tool which if used selectively could be very effective. She justified her actions to the court with her belief that if she had been successful, it might have triggered chaos and change. She spoke of dissatisfaction with the "system," of corruption in a democratic society and of her understanding of the need to use violence. The comments by the district judge to which Moore refers came immediately after her statement in court. The fact that the judge spoke of her statement as "the rhetoric of the day", or that he said Moore was a product of "permissive society" was in response to Moore's statement. In context, the court's comments do not show he sentenced Moore in a biased or excessive fashion.

■ Moore further claims she received life imprisonment because it was to punish those who did not believe in capital punishment. She misinterprets the court's sentence. Prior to sentencing, the court stated that the enormity of the offense and the hopeful deterrence of imprisonment had lead the court to committing Moore for life. Deterrence is not an inappropriate factor in sentencing. Nothing in the record suggests that Moore's sentence was based on improper information. The record conclusively shows there was no abuse of discretion in sentencing Moore to the maximum term prescribed by statute. *Farrow v. United States*, 580 F.2d 1339 (9th Cir. en banc 1978).

The judgment of the district court denying Moore's petition is AFFIRMED.