972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis Lee SKINNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-55716.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 3, 1992.
 
 Before EUGENE A. WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In collateral proceedings, we have held that a conviction will be vacated for a Rule 11 violation only if it amounts to a fundamental defect that results in a complete miscarriage of justice. Adams v. Peterson, No. 87-4191, slip op. 7095, 7109 n. 3 (9th Cir. June 24, 1992) (en banc). Here, Skinner argues that both Rule 11 and the Fifth Amendment were violated when the facts presented at his plea hearing differed slightly from the wording of the indictment. At most, this discrepancy amounts to a technical violation. In any event, it could not be considered a miscarriage of justice.
 
 
 3
 Skinner also contends that his guilty plea was involuntary because he did not understand how long his sentence could be. Because he raises this issue for the first time on appeal, it is untimely and we shall not consider it. United States v. Moore, 599 F.2d 310 (9th Cir.1979).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3