985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elias C. CAMPANA, Defendant-Appellant.
 No. 92-50110.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1993.*
Decided Feb. 8, 1993.
 
 Appeal from the United States District Court for the Southern District of California; No. CR-91-635-04-GT, Gordon Thompson, Jr., District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before WALLACE, Chief Judge, and SNEED and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elias C. Campana appeals his sentence upon a plea of guilty to one count of possession with intent to distribute approximately 750 grams of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On the eve of his scheduled trial, Campana entered into a plea agreement which provided in part that Campana waived his right to appeal his sentence. Campana now appeals his sentence on the grounds that he did not knowingly and intelligently waive his right to appeal, and that the district court failed to provide an adequate statement of reasons for the sentence imposed. The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction of Campana's timely appeal under 28 U.S.C. § 1291. We find that Campana waived his right to appeal.
 
 
 3
 An express waiver of the right to appeal in a negotiated plea of guilty is enforceable if the waiver is knowing and voluntary. U.S. v. Navarro-Botello, 912 F.2d 318, 319 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). On appeal, we look at the plea agreement and the circumstances surrounding its adoption to determine whether the waiver was "a voluntary and intelligent act." Navarro-Botello, 912 F.2d at 322; U.S. v. DeSantiago-Martinez, 1992 WL 341630, * 1 (9th Cir.1992). See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) ("The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.")
 
 
 4
 Campana argues that his waiver was not knowing and intelligent because (a) the district court did not specifically question him concerning the waiver, (b) Campana gave no indication of the degree to which he understood the waiver's significance, and (c) the plea agreement contained a standard waiver of appeal rights not specifically bargained for.
 
 
 5
 The circumstances surrounding adoption of the plea agreement indicate that these three arguments have no merit. First, "a [Federal] Rule [of Appellate Procedure] 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid." DeSantiago, 1992 WL 341630 at * 1. Second, after the agreement was read to him in Spanish, and after his defense attorney summarized its provisions in open court, Campana stated that he understood the plea agreement. See DeSantiago, 1992 WL 341630 at * 1; cf. Navarro-Botello, 912 F.2d at 321 (at plea hearing district judge summarized provisions of plea agreement and defendant indicated that he understood). Furthermore, the language of the waiver provision in Campana's plea agreement was simpler and more straightforward than the waiver which the court deemed "simple and clear" and held valid in DeSantiago. Finally, even if it is true that Campana's plea agreement contained a "standard" waiver of appeal rights, Campanapoints to no authority which suggests that fact is significant. Contrary to Campana's implication, Navarro-Botello does not support the proposition that a valid waiver must be specifically bargained for. Campana does not dispute that he bargained for the plea agreement as a whole, and that he received the benefit of that bargain when the government dropped additional counts charged against him.
 
 
 6
 Campana also argues that the district court erroneously allowed him to believe that his appeal rights were protected when the judge stated at the disposition hearing, "You've given yourself up as guilty and that's the end of it. That doesn't mean you can't appeal your sentence, but it does mean you can't appeal your conviction." Considering all the circumstances surrounding the adoption of the agreement, we conclude that this statement did not undermine Campana's understanding of his express waiver. The court interpreter read the plea agreement to Campana in Spanish, and Campana's own attorney orally stated the provisions of the agreement for the record. Furthermore, we accord significant weight to Campana's affirmation that he understood the plea agreement after his attorney summarized its provisions. U.S. v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.) ("Solemn declarations in open court carry a strong presumption of verity.") (quoting U.S. v. Moore, 599 F.2d 310, 314 (9th Cir.1979), cert. denied, 444 U.S. 1024 (1980)), cert. denied, 484 U.S. 832 (1987).
 
 
 7
 Because we hold that Campana knowingly and intelligently waived his right to appeal, we do not consider his argument that the district court erred at sentencing. The decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3