34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Charles GILBEAUX, Defendant-Appellant.
 No. 93-50820.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Charles Gilbeaux appeals his conviction following entry of an unconditional guilty plea to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d). Gilbeaux contends the plea must be vacated because the district court failed to comply with Fed.R.Crim.P. 11(e)(2) when it did not properly warn him he could not withdraw his guilty plea. Gilbeaux also contends the district court erred by denying his motion to withdraw his guilty plea because the plea was the result of coercion by his attorney. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Rule 11 Error
 
 
 4
 Gilbeaux argues that the district court failed properly to warn him that his Rule 11 plea could not be withdrawn for any reason. Gilbeaux raises this claim for the first time on appeal. "As a general rule, we will not consider issues raised for the first time on appeal." United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987). Gilbeaux has failed to satisfy any of the exceptions to this rule. See id. He has neither shown "exceptional circumstances why the issue was not raised below," nor that the issue is purely a matter of law and "the government suffered no prejudice by his failure to raise the issue in his motion to withdraw." Id. Finally, no new issues have arisen due to a change in the law during the pendency of this appeal. See United States v. Gallegos-Gonzalez, 3 F.3d 325, 328 (9th Cir.1993).
 
 
 5
 Although Gilbeaux relies extensively on our recent decision in United States v. Kennell, 15 F.3d 134 (9th Cir.1994), Kennell did not announce a new rule of law and therefore cannot excuse Gilbeaux's failure to raise the Rule 11 issue below. Compare Kennell, 15 F.3d at 137 (whether failure to warn defendant of the consequences of his plea is reversible error "turns on whether ... we can say with certainty that [he] actually knew what the district judge failed to tell him") with United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988) (per curiam) (analysis of whether Rule 11 error was harmless has "generally turned on whether the defendant knew" and understood the consequences of his plea) and Kadwell v. United States, 315 F.2d 667, 668-69 (9th Cir.1963) (the court must determine that the defendant actually understands the meaning and consequences of his guilty plea). As we noted in Kennell, 15 F.3d at 136, it has long been the rule that the court must ascertain that the defendant has actual knowledge of the consequences of his plea, rather than merely asking whether he has read the plea agreement. Because Kennell did not announce a new rule of law, we will not reach the merits of Gilbeaux's Rule 11 claim. See Gallegos-Gonzalez, 3 F.3d at 328; Rubalcaba, 811 F.2d at 493.
 
 II
 Motion to Withdraw the Plea
 
 6
 We review for abuse of discretion the district court's denial of a Fed.R.Crim.P. 32(d) motion to withdraw a guilty plea. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). While we review the voluntariness of a guilty plea de novo, the district court's underlying findings of fact are reviewed for clear error. Id.; United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986).
 
 
 7
 Although a district court may permit withdrawal of a guilty plea before sentencing for any fair and just reason, a defendant has no right to withdraw his guilty plea. United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied, 467 U.S. 1254 (1984). The defendant bears the burden of showing a fair and just reason for withdrawal. Castello, 724 F.2d at 814.
 
 
 8
 Rule 32(d) is to be read along with Rule 11, Rios-Ortiz, 830 F.2d at 1070, which requires that the district court determine "that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement," Fed.R.Crim.P. 11(d) "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)); Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986) ("A guilty plea must be the voluntary expression of the defendant's own choice."). Because " '[s]olemn declarations in open court carry a strong presumption of verity,' " Rubalcaba, 811 F.2d at 494 (quoting United States v. Moore, 599 F.2d 310, 314 (9th Cir.1979) (cert. denied, 444 U.S. 1024 (1980)), a district court is entitled to credit sworn testimony offered at a Rule 11 hearing over subsequent conflicting statements, Castello, 724 F.2d at 815.
 
 
 9
 At the Rule 11 hearing, the district court asked Gilbeaux if his plea was voluntary: "[Y]ou're representing to the Court that no other promises or inducements have been made to you, that no one has threatened or forced you in any way to enter into this agreement. Were all those things true when you signed this [plea] agreement [and at the present time]?" Gilbeaux responded affirmatively under oath. The court also explained the maximum penalties applicable and ensured Gilbeaux understood that the court would not be bound by the attorneys' sentencing predictions or recommendations.
 
 
 10
 Nonetheless, Gilbeaux claimed in his motion to withdraw that his attorney had coerced him into entering the plea by promising that he would receive a sentence of only 63 months (rather than the 92 months he ultimately received) and insisting that Gilbeaux accept the plea bargain. There is no basis in the record to support Gilbeaux's assertions, and we see no reason to disturb the district court's conclusion that the plea was voluntary. The district court found that Gilbeaux's attorney informed Gilbeaux of the likely consequences of his guilty plea, and, "given the information supplied to him by [Gilbeaux] and the confidential nature and thus inaccessibility of defendant's juvenile criminal history," counsel calculated the guidelines sentencing range "to the best of [his] ability."
 
 
 11
 It was not until one month prior to sentencing, when the presentence report was received indicating a criminal history of V rather than III, that Gilbeaux decided that he wanted to withdraw his plea. The district court found that Gilbeaux "merely ... changed his mind after learning of the Presentence Investigation Report's recommendations." A defendant may not withdraw a Rule 11(e)(1)(B) guilty plea simply because he has a change of heart or fears that he may receive a more severe sentence than originally anticipated. United States v. Graibe, 946 F.2d 1428, 1432 (9th Cir.1991); United States v. Ramos, 923 F.2d 1346, 1359 (9th Cir.1991); Rios-Ortiz, 830 F.2d at 1070. Thus, Gilbeaux presented no "fair and just reason" to grant his motion for withdrawal. See Fed.R.Crim.P. 32(d). Moreover, the district court was entitled to rely on Gilbeaux's sworn affirmation that his plea was voluntarily and intelligently made. See Castello, 724 F.2d at 815. Therefore, the district court did not abuse its discretion by denying Gilbeaux's motion to withdraw the plea. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3