51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amparo MADRIZ, Defendant-Appellant.
 No. 94-35276.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1995.*
Decided March 24, 1995.
 
 1
 Before: WRIGHT, HALL, and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 FACTS
 
 3
 Amparo Madriz was convicted by a jury of conspiracy and substantive offenses related to the trafficking of cocaine and heroin. She appealed to this court, which remanded for a new trial on three counts and for resentencing on the remaining counts. The three counts remanded for a new trial were subsequently dismissed. The district court, following a resentencing hearing on the remaining three counts, imposed the same sentence as it had previously: 425 months imprisonment, a fine of $100,000, and a 5-year term of supervised release. Madriz filed a notice of appeal, but then failed to perfect that appeal. It was subsequently dismissed on September 10, 1992. On January 24, 1994, Madriz filed a motion seeking removal of the fine obligation from her sentence. The district court denied the motion on January 28, 1994. Madriz appeals from that order. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we AFFIRM.
 
 DISCUSSION
 I. Madriz's Motion to Remove Her Fine
 
 4
 Although Madriz's motion in district court, entitled "Motion for Removal of Fines and Restitution," did not mention 28 U.S.C. Sec. 2255, we construe the order denying her motion as a denial of relief under that section. See United States v. Johnson, 988 F.2d 941, 943-44 (9th Cir.1993); United States v. Kohl, 972 F.2d 294, 296-97 (9th Cir.1992). We review de novo both the district court's denial of a motion under Section 2255, Johnson, 988 F.2d at 944, and its application of the sentencing guidelines. Kohl, 972 F.2d at 297.
 
 
 5
 Madriz never appealed the fine directly. Although she filed a timely notice of appeal from her sentence on December 13, 1991, she failed to pursue it. It was dismissed on September 10, 1992, for failure to perfect it. Accordingly, she has waived her right to appeal it collaterally. As this circuit has very recently stated in a similar case:
 
 
 6
 We therefore conclude that this court follows the rule that nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. Sec. 2255.
 
 
 7
 United States v. Schlesinger, 38 F.3d 485, 487 (9th Cir.1994). Moreover, neither of the two exceptions to this waiver doctrine applies in the instant case: the alleged error is not a constitutional one, and the alleged error was discoverable in time for direct appeal. See id. at 488. We therefore affirm the district court's denial of Madriz's motion.
 
 II. Other Issues
 
 8
 Madriz raises various other issues concerning her sentencing.[1] None is properly before this panel, however.
 
 
 9
 On January 24, 1994, Madriz filed her motion for withdrawal of her fine. That motion did not mention any issues other than her ability to pay the fine. The district court denied that motion on January 28, 1994, and Madriz filed a notice of appeal of that denial on February 25, 1994. That appeal is now before this panel.[2] None of the other issues that Madriz raises was argued before the district court below, and accordingly none is properly before us. We need not entertain claims that were not raised before the district court in the underlying Section 2255 motion. Baumann v. United States, 692 F.2d 565, 573 (9th Cir.1982); United States v. Moore, 599 F.2d 310, 315 (9th Cir.1979); Egger v. United States, 509 F.2d 745, 749 (9th Cir.1975). We therefore decline to reach the merits of these other issues.
 
 CONCLUSION
 
 10
 We hold that the district court did not err in refusing to remove Madriz's fine, because she waived that claim by not raising it on direct appeal. We do not reach Madriz's other claims because they were not raised in the court below. Accordingly, we AFFIRM the order of the district court.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 She argues that the court should not have departed upward based upon a finding that she was a kingpin; that the evidence upon which the court determined the quantity of drugs was unreliable; that her sentence should not have been increased for using a firearm; and that she did not receive effective counsel
 
 
 [2]
 It appears that the other issues may have been raised since then in another Section 2255 motion by Madriz. The docket sheet indicates that another Section 2255 motion was filed on February 25, 1994, and denied on May 17, 1994