70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Roy TAYLOR, Defendant-Appellant.
 No. 95-35111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taylor appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion. We have jurisdiction pursuant to 29 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 Taylor was indicted on two counts of tax evasion. Pursuant to a plea agreement he pleaded guilty to one count and the district court accepted the plea. He then filed a motion to withdraw the plea, which the court denied. The court sentenced him to three years of probation, $54,088 in restitution and a $1,000 fine.
 
 
 4
 Taylor did not directly appeal his conviction. Instead he entered a motion under 28 U.S.C. Sec. 2255 to withdraw his guilty plea, arguing that (1) his presentence motion to withdraw should have been granted, (2) he did not enter the plea knowingly and voluntarily, (3) he was denied effective assistance of counsel, and (4) newly discovered evidence would have caused him not to plead guilty.
 
 ANALYSIS
 1. Motion to Withdraw Guilty Plea
 
 5
 Taylor argues that the court should have granted his motion to withdraw his guilty plea. We review for abuse of discretion the denial of a motion to withdraw a plea. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). If a defendant moves to withdraw a guilty plea before the imposition of sentence, the court may permit withdrawal upon a showing of any fair or just reason. Fed.R.Crim.P. 32(e).
 
 
 6
 Taylor said in the affidavit to his motion that he was not guilty of evading taxes and that he did not understand that the plea agreement contained a stipulation to a tax loss of $54,000. Yet he admitted six weeks earlier at the change of plea hearing that he was guilty and that he did understand that he had agreed with the government that the tax loss was $54,088. Such declarations under oath in open court carry a strong presumption of verity. United States v. Moore, 599 F.2d 310, 314 (9th Cir.1979), cert. denied, 444 U.S. 1024 (1980). The court was entitled to credit his testimony at the plea hearing over the subsequent conflicting assertions in his affidavit. United States v. Castello, 724 F.2d 813, 815 (9th Cir.1984), cert. denied, 467 U.S. 1254 (1984).
 
 
 7
 Taylor also said in the affidavit that he pleaded guilty only because he thought a jury would find him guilty and that he would face a stiffer penalty. He said he has been unable to live with himself since he entered the plea. This change of heart does not constitute a fair and just reason warranting withdrawal of the plea. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). Taylor recognized in his motion that the court would not abuse its discretion if it denied his motion. We agree and reject his claim.
 
 2. Guilty Plea Invalid
 
 8
 Taylor nonetheless contests the validity of his guilty plea. We review for clear error the findings of fact regarding the validity of a plea. United States v. Ullyses-Salazar, 28 F.3d 932, 939 (9th Cir.1994), cert. denied, 115 S.Ct. 1367 (1995). The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985). A plea is invalid if induced by threats or promises which deprive it of the character of a voluntary act. Chizen v. Hunter, 809 F.2d 560, 561 (9th Cir.1986).
 
 
 9
 Taylor argues that he did not enter the plea intelligently because he did not understand the terms of the plea agreement. He argues that there was no "meeting of the minds" between him and the government over the tax loss figure, and says that he "never, never agreed that the tax loss was $54,088." To support this argument he cites a change in the wording of the plea agreement from "Mr. Taylor admits" to "[t]he government is prepared to prove that" the parties agreed to a tax loss of $54,088. Yet, as discussed above, he declared under oath that he agreed with the government that the tax loss was $54,088. Because we assign a strong presumption of verity to this declaration, we reject his argument that he not understand the plea agreement.
 
 
 10
 Taylor also contends that his plea was not voluntary because it was induced by threats and fear. He argues that the government threatened him by saying in its plea agreement cover letter that it would ask the court for an obstruction of justice enhancement if he testified on his own behalf and was convicted. This statement, however, was not a threat but merely fair notice of what the government was entitled to recommend if he did not accept the plea. Months after receiving this letter, at the change of plea hearing, Taylor admitted that his plea of guilty was not the result of force or threat. We reject his argument that his plea was not voluntary.
 
 3. Ineffective Assistance of Counsel
 
 11
 Taylor contends that he was deprived effective assistance of counsel in violation of the Sixth Amendment. We review de novo ineffective assistance claims. Sanchez, 50 F.3d at 1456. To prevail on such a claim, the defendant must demonstrate that counsel's actions were outside the wide range of professionally competent assistance, and that he was prejudiced by reason of these actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 12
 Taylor contends that his attorney "browbeat" him into accepting the plea. Specifically he says that his attorney told him that his ex-wife and former accountant would testify that he willfully underreported his income if he did not accept the plea. He says that his ex-wife and former accountant later told him that they believed he had made some innocent mistakes on his tax return but that they were not willful. Taylor has not, however, provided any evidence to support these assertions. We also note that his ex-wife and accountant may have told two different stories to Taylor and to his attorney. Taylor has not made the requisite showing of deficient representation.
 
 
 13
 Taylor also contends that his attorney failed to inform him that he could appeal and inform him of the filing deadline for such an appeal. Assuming that his attorney did fail to inform him, no prejudice exists because, as shown above, Taylor would have had no grounds for successfully challenging his guilty plea. Taylor was not denied effective assistance.
 
 4. New Evidence
 
 14
 We review for clear error the district court's factual findings on claims of newly discovered evidence. United States v. Estrada-Plata, 57 F.3d 757, 763 (1995). Taylor contends that new evidence in the form of corporate bank statements and corporate tax returns came to light six months after his conviction which supports his claim that the tax loss was lower than $54,088. He says that these documents show that he paid his company's overdraft loans with personal income and reported personal income on corporate returns, resulting in lower personal income and tax. This alleged evidence does not constitute newly discovered evidence since all of the underlying facts relevant to the allegations of the evidence were within his knowledge at the time of the plea and could have been substantiated with the exercise of reasonable diligence. See Baumann v. United States, 692 F.2d 565, 580 (9th Cir.1982). Taylor presumably knew before accepting the plea whether he paid off corporate debts with personal income, and with reasonable diligence he could have obtained the bank statements and tax returns to substantiate this claim. We agree with the district court that this "new evidence" does not provide a basis for invalidating his guilty plea.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3