99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rick Lee ARCHER, Defendant-Appellant.
 No. 95-10364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.*
Decided Oct. 22, 1996.
 
 Before: WOOD**, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellant Rick Lee Archer appeals from the district court's denial of a motion to withdraw his guilty plea, and the resulting criminal conviction. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 After Archer's guilty plea, and before sentencing, he moved to withdraw his guilty plea. The district court denied the motion and entered sentence. Archer's appeal consists essentially of two claims: first, he claims the trial court erred in denying the motion to withdraw his guilty plea; second, he claims ineffective assistance of counsel at the motion to withdraw his plea.
 
 MOTION TO WITHDRAW GUILTY PLEA
 
 4
 This court reviews a denial of a motion to withdraw a guilty plea for abuse of discretion, with the defendant carrying the burden to show such abuse. U.S. v. Signori, 844 F.2d 635, 637 (9th Cir.1988) (citation omitted). A district court may deny a motion to withdraw a guilty plea if the defendant fails to demonstrate to the court a fair and just reason for withdrawing his guilty plea. U.S. v. Turner, 898 F.2d 705, 713 (9th Cir.), cert. denied, 495 U.S. 962 (1990); see Fed.R.Crim.P. 32(e). A change of heart is not a sufficient basis to withdraw a plea. Turner, 898 F.2d at 713.
 
 
 5
 Archer puts forth three reasons to withdraw his plea. First, Archer claims that the sentencing judge violated Fed.R.Crim.P. 11(e)(1) by participating in the plea bargaining process; second, he claims that his plea was not voluntary because he had been emotionally unstable when he entered his plea due to the holding conditions at Clark County Detention Center; third, he claims that his plea was not voluntary because his attorney, Michael Cherry, misled him into accepting the plea. The district court addressed these claims and found no basis to accept withdrawal of the plea. We address each claim in turn.
 
 
 6
 Rule 11(e)(1) prohibits a judge from participating in plea negotiations. Fed.R.Crim.P. 11(e)(1). Archer claims that the judge violated Rule 11 at the time of the plea agreement by telling marshals to hurry him up, causing him to examine the plea agreement in only a cursory manner. Archer presents no evidence supporting this contention, and the record reflects both the judge's and the marshal's denial of such an incident.
 
 
 7
 Moreover, Archer's claim that he was rushed into accepting the plea agreement is contradicted by the record at his Rule 11 hearing. At the hearing, the judge undertook the requisite inquiries to ensure Archer's understanding of the nature of the charges and of his guilty plea. The judge specifically asked if Archer understood the charges, had committed the offenses, and had conferred with counsel and discussed the plea agreement. In each case, Archer replied in the affirmative. There is no evidence that the judge violated Rule 11 by rushing Archer into accepting the plea agreement, and the district court was correct to deny Archer's motion to withdraw his guilty plea on this basis.
 
 
 8
 Archer's claim that his plea was involuntary because he was emotionally unstable is also contradicted in the record. A defendant's declarations under oath at the time of his plea carry a strong presumption of truth. U.S. v. Moore, 599 F.2d 310, 314 (9th Cir.1979). At Archer's Rule 11 hearing, he swore that he entered the plea freely and voluntarily, and that the conditions at the Clark County Detention Center did not influence his decision to enter a guilty plea. The defendant's subsequent conclusory statement that his plea was involuntary, unsupported by evidence in the record, is insufficient to compel withdrawal of his plea. See Moore, 599 F.2d at 313.
 
 
 9
 Archer's claim that his counsel misled him is also unsupported by evidence. Archer claims that he was offered a pizza and a coke to accept the plea agreement and that he was promised a middle of the range sentence because one of the attorneys played golf with the sentencing judge. Again, there is no support for these allegations. See Moore, 599 F.2d at 314. Moreover, at Archer's Rule 11 hearing, he swore that he understood that it is the Judge's duty alone to determine the sentence; that he had discussed the agreement fully with counsel; and he swore two separate times that he had not been made any representations or promises other than those indicated in the plea agreement. Such declarations made in open court, under oath are sufficient to defeat his claim that counsel misled him. See U.S. v. Grewal, 825 F.2d 220, 223 (9th Cir.1987).
 
 
 10
 The defendant's sworn testimony at his Rule 11 hearing supports the district court's finding that Archer's plea was free and voluntary.
 
 EFFECTIVE ASSISTANCE OF COUNSEL
 
 11
 Archer further claims ineffective assistance of counsel on his motion to withdraw his guilty plea, which the court ruled on immediately prior to sentencing. To show ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that such deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Archer has shown neither. An attorney's performance is deficient if it is not "reasonable considering all the circumstances." Strickland, 466 U.S. at 688. There was no evidence that counsel acted unreasonably here.
 
 
 12
 To begin with, the court accepted Archer's motion in pro per; Mr. Cherry, although present, did not represent Archer at his motion to withdraw his plea. Appellant contends that because Mr. Cherry spoke, he was acting as "de facto" counsel. While Mr. Cherry did speak at the hearing, which was also Archer's sentencing hearing, he did so to ask the court for leniency in Archer's sentencing in case the motion to withdraw was denied. In fact the judge credited Mr. Cherry with persuading the court to reduce Archer's sentence due to acceptance of responsibility.
 
 
 13
 Archer next claims that his counsel's performance was deficient because Mr. Cherry had a conflict of interest because Archer had also moved to substitute counsel. However, to show a conflict of interest, a defendant must show that counsel had an actual conflict that in fact prejudiced his defense. Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980). Mr. Cherry did not have a conflict of interest at the time he spoke, because the judge had already indicated he was denying Archer's motion for substitution of counsel.
 
 
 14
 Further, even if Mr. Cherry's conduct was deficient, it did not prejudice Archer's case in any way, as Archer's motion to withdraw his guilty plea was not supported by any evidence, and was therefore correctly denied. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. Appellant cannot show that his case was prejudiced by Mr. Cherry's actions.
 
 CONCLUSION
 
 15
 Because Appellant has not shown either that the judge improperly participated in his plea negotiations or that his plea was involuntary, the district court correctly denied his motion to withdraw his plea. Because Appellant has not shown either that his counsel acted unreasonably or that his counsel had a conflict of interest that prejudiced his case, appellant's representation was adequate.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Harlington Wood, Jr., Senior United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3