142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Steven YONICH, Defendant-Appellant.
 No. 96-30334.
D.C. No. CR-94-05763-RJB.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding.
 MEMORANDUM*
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 Steven Yonich appeals his jury conviction and sentence for conspiracy to commit bank fraud, bank fraud, and mail fraud, in violation of 18 U.S.C. §§ 371, 1341, & 1344. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Yonich contends that the district court erred by denying his motion to dismiss the conspiracy and bank fraud counts based on preindictment delay. Yonich argues that the delay in bringing the indictment prejudiced his defense because during the intervening years, two potential witnesses died and records were destroyed. This contention lacks merit.
 
 
 3
 We review for abuse of discretion a district court's decision to deny a motion to dismiss an indictment due to preindictment delay. See United States v. Ross, 123 F.3d 1181, 1184 (9th Cir.1997), cert. denied --- U.S. ----, 118 S.Ct. 733, 139 L.Ed.2d 670 (1998). Preindictment delay violates due process only if the defendant proves (1) actual nonspeculative prejudice from the delay, and (2) the length of the delay, when balanced for the reason for it, offends fundamental conceptions of justice. See United States v. Dudden, 65 F.3d 1461, 1466 (9th Cir.1995).
 
 
 4
 Because Yonich failed to present any actual and nonspeculative harm from the loss of the records and the two witnesses, or any evidence of intentional delay by the government, the district court did not abuse its discretion. See id. at 1466; see also United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985) (questioning whether lost testimony can ever constitute actual prejudice given its generally speculative nature); United States v. Marion, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (holding the statute of limitations as the primary guarantee against prejudice).
 
 
 5
 Yonich contends that the district court erred by denying his motion to withdraw his guilty plea to the mail fraud count. Yonich argues that he was pressured to enter his guilty plea because his counsel was not prepared for trial. This contention lacks merit.
 
 
 6
 We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. See United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). A defendant has no legal right to withdraw his guilty plea after it has been accepted by the district court, see id., and bears the burden of demonstrating a "fair and just reason" for doing so. See Fed.R.Crim.P. 32(d).
 
 
 7
 Here, Yonich testified under oath at the change of plea hearing that he was satisfied with the representation that he received, that no one had put any pressure on him to plead guilty, and that the factual basis of the plea agreement was true. The district court was entitled to credit Yonich's testimony at the Rule 11 hearing over his subsequent affidavit. See United States v. Moore, 599 F.2d 310, 313 (9th Cir.1979) (although a plea entered because counsel is unprepared for trial may be involuntary, solemn declarations in open court carry a strong presumption of verity). Thus, the district court did not abuse its discretion by denying Yonich's motion to withdraw his guilty plea. See Alber, 56 F.3d at 1111.
 
 
 8
 Yonich contends that the district court erred by calculating the amount of loss pursuant to U.S.S.G. § 2F1.1 without considering funds the victim could have recovered by pursuing collateral. This contention lacks merit.
 
 
 9
 We review the district court's findings of fact underlying the sentencing decision for clear error, and the district court's application of the Sentencing Guidelines to the facts for abuse of discretion. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). In fraudulent loan application cases, "the loss is the amount of the loan not repaid at the time the offense is discovered, "reduced by the amount the creditor has recovered (or can expect to recover) from "assets pledged to secure the loan." U . S.S.G. § 2F1.1, comment. (n.7(b)) (1995).
 
 
 10
 Here, the creditor did not recover, nor could have expected to recover, any amount from the assets pledged to secure the loan. See U.S.S.G. § 2F1.1, comment. (n.7(b)); see also United States v. Allen, 88 F.3d 765, 771 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1565, 137 L.Ed.2d 711 (1997) (speculative chances of profit or loss furnish no basis for calculating sentence).
 
 
 11
 Yonich also contends that the district court erred by failing to determine the loss at the time he claims the fraud was discovered by his creditor in January of 1994. This contention lacks merit.
 
 
 12
 The district court found that although there was some discovery of Yonich's misrepresentations as early as January 1994, Yonich continued his fraudulent enterprise up to November 1994. Because the court may make a reasonable estimate of the loss, given the available information, the court did not clearly err by calculating the loss as of November 1994. See U.S.S.G. § 2F1.1, comment. (n.8); Robinson, 94 F.3d at 1327.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3