**Robert George HORNBACK, Petitioner—Appellant,**

v.

**Jack MCCORMICK, Warden, Montana State Prison, Respondent— Appellee.**

**No. 04–35710.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted May 6, 2005.[*]

Decided May 16, 2005.

Daniel Donovan, Esq., Thompson Potts & Donovan, P.C., Great Falls, MT, for Petitioner–Appellant.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cregg W. Coughlin, Office of The Attorney General, Helena, MT, for Respondent–Appellee.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM**

Robert Hornback appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction following an *Alford* plea [1] of deliberate homicide in violation of Montana Code section 45–5–102(1)(b). Hornback was sentenced to 100 years in prison for deliberate homicide and 100 years in prison for being a persistent felony offender in violation of Montana Code section 46–18–501. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[2] Because Hornback filed his petition before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective, we apply pre-AEDPA standards and review de novo the district court's denial of habeas relief. *Alcala v. Woodford*, 334 F.3d 862, 868 (9th Cir.2003). We review the district court's factual findings for clear error; the state courts' factual findings are presumed correct "unless they are not fairly supported by the record." *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir.2002).

## I

■ Hornback first argues that he was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to adequately investigate and locate possible eyewitnesses. He also alleges that his attorney deceived him into believing that he had conducted a more thorough investigation. A successful ineffective assistance claim requires the defendant to demonstrate that his counsel's performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hornback must therefore show both that his attorney's performance fell below an objective standard of reasonableness and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694, 104 S.Ct. 2052.

Hornback's attorney did not have a duty to investigate further because he had every reason to believe that further investigation would be fruitless. *Id.* at 691, 104 S.Ct. 2052. As the district court concluded, "Hornback's account was ... obviously incompatible with the physical evidence and with common sense." Moreover, the evidence does not support Hornback's claim that his attorney deceived him into believing that he had spoken with the eyewitnesses Hornback had allegedly identified. The district court concluded that Hornback's testimony was not credible, and that finding was not clearly erroneous. Hornback has not shown that his attorney's performance was deficient.

Neither has Hornback demonstrated prejudice. Even if Hornback's dubious account of eyewitnesses were true, it is un-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Hornback waived trial and pleaded guilty without admitting his factual guilt, under *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

likely that a reasonably diligent investigation would have uncovered more evidence than the extensive investigation performed by the police. Hornback has satisfied neither *Strickland* prong and we therefore affirm the district court's denial of his claim of ineffective assistance of counsel.

## II

■ Hornback next challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made because he was coerced by his attorney into entering the plea. Hornback claims that his attorney orchestrated a highly stressful and emotional situation by bringing Hornback's mother to the jailhouse to urge him to plead guilty and by showing gruesome photographs of the victim. Under *Boykin v. Alabama,* the government must affirmatively show that a guilty plea "was intelligent and voluntary." 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). If defense counsel coerces a guilty plea by "promises or threats that deprive it of the nature of a voluntary act," the plea is rendered involuntary. *Iaea v. Sunn,* 800 F.2d 861, 866 (9th Cir.1986) (quotation marks omitted).

But Hornback's claim that his plea was involuntary is contradicted by the record and thus does not suffice to invalidate the conviction. *United States v. Moore,* 599 F.2d 310, 313 (9th Cir.1979). A defendant's expressions of confidence and satisfaction with his attorney made in open court "carry a strong presumption of veracity." *Id.* at 314. Here, Hornback assured the trial judge that he was satisfied with his attorney's representation and that he "knowingly and voluntarily entered his plea." *Eggleston v. United States,* 798 F.2d 374, 377 (9th Cir.1986). Hornback's attorney properly attempted to impress upon him the gravity of the state's evidence and assess his probability of success at trial; his recommendation to plead guilty was entirely appropriate. *See McMann v. Richardson,* 397 U.S. 759, 769, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Because Hornback's *Alford* plea was entered knowingly, intelligently, and voluntarily, we affirm the district court's denial of his Fifth Amendment claim.

## III

■ Finally, Hornback asks this court to expand the district court's Certificate of Appealability ("COA") to include his claim that his due process rights were violated by the sentencing court's determination of his parole eligibility date. The sentencing court imposed two consecutive 100-year sentences, along with two consecutive 17½-year parole ineligibility conditions. Hornback's argument that this is inconsistent with Montana Code section 46–23–201(2) (1987) was rejected by the Supreme Court of Montana, which held that nothing in the language of the statute prohibited the consecutive application of parole conditions. Furthermore, Hornback's plea agreement specifically provided that he would be ineligible for parole for 35 years.

Since the sentencing court properly interpreted Montana law and Hornback agreed to the specific terms of parole, he was not deprived of any liberty interest. *C.f. Board of Pardons v. Allen,* 482 U.S. 369, 376, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). He has therefore not met the requirements for an expansion of the COA: "a substantial showing of the denial of a constitutional right." *Nardi v. Stewart,* 354 F.3d 1134, 1138 (9th Cir.2004). Because reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong[,]" we deny Hornback's motion to expand the COA.

The judgment of the district court is therefore AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.